In re: Lamar McCRORY, Petitioner.

No. 08–4242.

United States Court of Appeals,
Third Circuit.

Nov. 20, 2008.

Submitted Pursuant to Rule 21, Fed.
R.App. P.
Nov. 6, 2008.

Opinion filed Nov. 20, 2008.

Lamar Lauren McCrory, Elkton FCI, Lisbon, OH, for Petitioner.

Before: SLOVITER, FUENTES and JORDAN, Circuit Judges.

OPINION

PER CURIAM.

On October 13, 2008, Lamar McCrory filed this pro se mandamus petition pursuant to 28 U.S.C. § 1651, seeking an order that the District Court be compelled to act upon his pending Writ of Audita Querela. For the reasons that follow, we will deny the petition without prejudice.

Mandamus is a drastic remedy available only in the most extraordinary of circumstances. *See In re Diet Drugs Prods. Liab. Litig.,* 418 F.3d 372, 378 (3d Cir. 2005). It is not a substitute for an appeal. *See In re Chambers Dev. Co.,* 148 F.3d 214, 226 (3d Cir.1998) ("[M]andamus is not a substitute for appeal and a writ of mandamus will not be granted if relief can be obtained by way of our appellate jurisdiction"). To demonstrate that mandamus is appropriate, a petitioner must establish that he has "no other adequate means" to obtain the relief and that he has a "clear and indisputable" right to issuance of the writ. *Madden v. Myers,* 102 F.3d 74, 79 (3d Cir.1996).

As a general rule, the manner in which a court disposes of cases on its docket is within its discretion. *See In re Fine Paper Antitrust Litig.,* 685 F.2d 810, 817 (3d Cir.1982). Indeed, given the discretionary nature of docket management, there can be no "clear and indisputable" right to have the district court handle a case on its docket in a certain manner. *See Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 36, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).

That said, McCrory filed his petition for relief pursuant to the Writ of Audita Querela on April 15, 2008. After nearly six months of inaction by the District Court, McCrory filed his mandamus petition with this Court. As McCrory correctly points out, we expressed "concern" in *Madden*

over only four months of inaction by a district court with respect to that mandamus petitioner's objections to the Magistrate Judge's Report and Recommendation. *See Madden,* 102 F.3d at 79.

However, as in *Madden,* we find here that the delay in McCrory's case "does not yet rise to the level of a denial of due process," especially given the attendant circumstances. *Id.* Specifically, we note that McCrory's case was reassigned to the Honorable Judge Schiller by order signed on October 15, 2008, following the retirement of former Chief District Judge Giles. It has only been a matter of weeks since the reassignment, and thus mandamus relief for McCrory is premature. We are confident that the District Court will address the petition appropriately in due course.